**YEN PILCH KOMADINA & FLEMMING, P.C.**
Firm State Bar No. 00407400
Phil S. Flemming, SBA No. 014778
Thomas P. McVay, SBA No. 009525
6017 North 15th Street
Phoenix, Arizona 85014-2481
(602) 241-0474
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark P. Carpenter, Paula Carpenter, Norbert Carpenter, and Dayna Carpenter, | No. |
| | **COMPLAINT** |
| Plaintiffs, | |
| | (JURY TRIAL REQUESTED) |
| v. | |
| United States Forest Service; United States Department of Agriculture; United States of America, | |
| Defendants. | |

Plaintiffs allege as follows for their Complaint against defendants:

1.     This court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1346 (b)(3), with the United States of America and its agencies and departments having waived sovereign immunity in this matter.   This claim arises under the Constitution and laws of the United States, and the laws of the State of Arizona.

2.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

3.     Plaintiffs are all residents of the City of Glendale, Arizona.

4.     The United States Forest Service is a subdivision of the United States Department of Agriculture, which is a department of the United States of America.

5.     Mark P. Carpenter, together with his wife Paula Carpenter, and his parents Norbert Carpenter and Dayna Carpenter own an approximate five acre parcel located south of Williams, Arizona, adjacent to the Kaibab National Forest.   The property is in a

1   subdivision, unimproved at this time, it being plaintiff Mark Carpenter's intent to build a
2   residence thereon in the future.

3       6.      On or about December 7, 2003, while making a visit to the Williams, Arizona
4   property, Mark P. Carpenter was astonished to see that numerous trees upon the property had
5   been cut down.

6       7.      Upon further investigation and from seeing other cuttings in the neighborhood,
7   as well as from speaking with a neighbor, Mark P. Carpenter came to realize that United
8   States Forest employees had been in the area clearing trees.   Upon information and belief,
9   these same employees were the persons responsible for the felling of the trees upon the
10  Carpenters' property.

11      8.      In or about March of 2004, once all of the snows had melted at the Williams
12  property, plaintiff Mark Carpenter was able to make a more accurate assessment of the
13  damage done to his property.

14      9.      Counting only those trees in excess of one inch in diameter, Mark Carpenter
15  counted 200 trees which were felled.  Many more trees less than one inch in diameter were
16  felled, yet are not the subject of this complaint.

17      10.     On December 8, 2003, plaintiff Mark Carpenter called the United States Forest
18  Service, leaving a message as to the damage done to his property.   He was thereafter
19  contacted by a United States Forest Service employee, one Chris Worthington, who stated
20  "they" were very sorry about the wrongfully felled trees and damage done to the property,
21  and asked Mark Carpenter what "they" could do to make things right.

22      11.     Plaintiff Mark Carpenter thereafter researched various tree nurseries in an
23  attempt to further quantify and assess his damage.  The information he gleaned from his
24  research was that no one would be able to replace the trees which were felled with trees of
25  equivalent size, as the largest trees commercially available for planting were only in the 16
26  foot range.   Many of the trees which were felled upon plaintiffs property were in excess of
27  50 feet tall.

28

1    12.    Plaintiff Mark Carpenter was informed that to re-plant the 200 trees which

2    were felled with the largest trees available for sale, would cost $342,368.00.  Once again,

3    however, if these trees were to be purchased and planted plaintiffs were informed it would

4    only be a second rate substitute for that which they actually lost.   In addition to the lost trees,

5    plaintiffs property became littered with large amounts of slash, stems and log piles from the

6    cutting.

7    13.    Plaintiffs thereafter filed a notice of claim on December 2, 2005, and served

8    same upon the United States Attorney.   Plaintiffs thereafter cooperated with the United

9    States Forest Service in all respects, providing them further information as well as an

10   appraisal performed by an individual recommended by Forest Service Employees.

11   14.    On March 22, 2007, a denial of the claim was received by way of letter dated

12   March 22, 2007, from L. Benjamin Young, Jr., Assistant General Counsel for the United

13   States Department of Agriculture advising that plaintiffs had six months from that date to

14   bring suit.

15                                    **Respondeat Superior**

16   15.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs

17   1 through 14 above.

18   16.    The United States Forest Service had the right, duty and obligation to supervise

19   their employees with respect to the tree cutting taking place as alleged herein and said agency

20   is therefore responsible for their actions.

21   17.    The United States Forest Service is a division of the United States Department

22   of Agriculture, and as such, the United States Department of Agriculture is liable for the

23   actions of forest service employees.

24   18.    The United States Department of Agriculture is a department of the

25   government of the United States of America, and as such, the United States of America is

26   ultimately responsible for the actions of the United States Forest Services employees as

27   alleged herein.

28

1

## Negligence

2      19.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 18 above.

3      20.     The United States Forest Service employees who were thinning and otherwise

4    cutting trees in the vicinity of the Carpenter property in Williams, Arizona, in or about early

5    December, 2003, owed to plaintiffs the duty to ensure that the only trees which were felled

6    were those trees located on forest service land.

7      21.     It is believed and hereby alleged that the United States Forest Service

8    employees who were cutting trees at the time alleged herein above failed to take note of their

9    location while cutting trees and thereby cut many trees upon the property of plaintiffs.

10     22.     As a direct and proximate cause of United States Forest Service employees

11   failing to exercise the due care owed plaintiffs while cutting trees as alleged herein above,

12   plaintiffs have incurred damage to their property in an amount to be proven at trial, but in any

13   event, plaintiffs' damages exceed the minimum jurisdictional threshold of this court.

14

## Trespass to Land

15     23.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 22 above.

16     24.     The United States Forest Service employees, without authorization, trespassed

17   upon the land of plaintiffs as alleged herein above.

18     25.   This trespass by United States Forest Service employees caused plaintiffs injury

19   to their land in an amount to be proven at trial, but in any event, plaintiffs' damages are in

20   excess of the minimum jurisdictional requirement of this court.

21

## Trespass to Chattels

22     26.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 25 above.

23     27.     The United States Forest Service employees, without authorization, trespassed

24   upon the land of plaintiffs as alleged herein above.

25     28.     This trespass by United States Forest Service employees caused plaintiffs

26   injury to their property (fructus naturales) in an amount to be proven at trial, but in any event,

27   plaintiffs' damages are in excess of the minimum jurisdictional requirement of this court.

28

1

**Conversion**

2     29.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 28 above.

3     30.   The United States Forest Service employees, without authorization, converted

4  the standing trees of plaintiffs as alleged above into slash, stems and log piles, rendering

5  them valueless to plaintiffs and littering plaintiffs property with this felled debris.

6     31.   This conversion by United States Forest Service employees caused plaintiffs

7  injury to their property (fructus naturales) in an amount to be proven at trial, but in any event,

8  plaintiffs damages are in excess of the minimum jurisdictional requirement of this court.

9      WHEREFORE, plaintiffs request:

10     1.   That they be awarded judgment against defendants in an amount to be
            proven at trial to compensate them for the injuries done to their
11          property and the conversion thereof;

12     2.   That they be given a jury trial with respect to all issues before this
            court.
13
       3.   That they be awarded their costs of court as well as such other and
14          further relief as the court deems just and proper.

15

16  **DATED** this 14 day of September, 2007.

       **YEN PILCH KOMADINA & FLEMMING, P.C.**
17

18

19     By ____s/Thomas P. McVay_____
            Thomas P. McVay
20          Phil S. Flemming
            6017 North 15th Street
21          Phoenix, Arizona 85014-2481
            (602) 241-0474
22          Attorneys for Plaintiffs

23

       **CERTIFICATE OF SERVICE**
24
        I hereby certify that on September 14, 2007, I electronically transmitted the attached
25
   document to the Clerk's Office using the CM/ECF System for filing.
26

27  /s/ Ina Bennett____

28

- 5 -